IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COREY LAMONT BLAYLOCK,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-281-L-BN** |
| | § | |
| **DIRECTOR TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

### ORDER

On February 18, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court deny Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 3) and dismiss with prejudice this action as time-barred. Thereafter, Petitioner moved for an extension of 60 days to file objections to the Report. Although the Report is dated February 18, 2021, Petitioner indicates in his motion for extension of time that he signed or "[e]xecuted" it on February 5, 2021. Despite this discrepancy and the fact that the court did not receive the motion until March 12, 2021, after expiration of the deadline for filing objections, the court granted Petitioner an extension to April 7, 2021, to file objections to the Report.

In his objections (Doc. 9), Petitioner appears to assert that the magistrate judge erred by applying the wrong legal standard in determining that his habeas petition is time-barred and contends that a stay is required in death penalty cases, even though this is not a death penalty case. He also contends that the extension he was given to file his objections to the Report was not long enough. In addition, he argues that plain error and a miscarriage of justice will occur if he is not allowed to pursue his habeas and constitutional claims based on equal protection and due process.

**Order – Page 1**

Finally, Petitioner contends in conclusory fashion that the undersigned failed to examine his claim regarding newly discovered evidence.

Having considered the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court agrees with the magistrate judge and determines that the findings and conclusions of the magistrate judge are correct. The court, therefore, **accepts** the findings and conclusions of the magistrate judge as those of the court; **overrules** Petitioner's objections (Doc. 9); **denies** his habeas petition (Doc. 3), and **dismisses with prejudice** this action for the reasons stated in the Report.   Further, in light of the foregoing ruling, the court **denies as moot** Petitioner's Motion for Leave to Proceed In Forma Pauperis in this proceeding (Doc. 4).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    (a)    Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    (b)    Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

    **It is so ordered** this 20th day of April, 2021.

                                      Sam A. Lindsay
                                      United States District Judge